

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,270-01

### EX PARTE KEITH HILL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1103320 IN THE 337TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to ninety-nine years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Hill v. State*, No. 14-08-00062-CR (Tex. App. — Houston [14th Dist.] July 21, 2009, pet. ref'd.).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

during the punishment stage of trial, because counsel failed to object when a police detective testified as to what he was told by a non-testifying complainant in one of the extraneous cases, and because counsel failed to object to the introduction of evidence obtained from an apparently invalid search of a computer hard drive taken from Applicant's room.

The trial court has entered findings of fact and conclusions of law in this case, recommending that relief be denied. However, those findings of fact and conclusions of law appear to be contradictory. Specifically, the trial court finds that the jury should not have heard evidence of the extraneous offense about which the complainant in that case did not testify, and finds that the State's case on punishment would have been less compelling without such evidence. The trial court also finds that the search of the computer hard drive exceeded the scope of the consent to search given by Applicant's father, and that there was no warrant authorizing the search of the hard drive. The trial court finds that the evidence found on the hard drive was inadmissible, and that no sound strategy could justify trial counsel's failure to object or seek to suppress this evidence. The trial court finds that the State's case on punishment would have been less compelling without the testimony concerning the contents of the hard drive. Notwithstanding these findings, the trial court finds that trial counsel's performance was not deficient, and that Applicant was not prejudiced.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Therefore, the trial court shall file supplemental findings of fact and conclusions of law, reconciling the apparent conflicts in the previously-submitted findings of fact and conclusions of law. The trial court shall

also make findings of fact as to who owned the computer that was seized during the search of Applicant's home. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 17, 2014
Do not publish